09-4916-cv
Borski v. Staten Island Rapid Transit

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand eleven.

PRESENT:   BARRINGTON D. PARKER,
                      GERARD E. LYNCH,
                      RAYMOND J. LOHIER, JR.,
                                        *Circuit Judges.*

-----------------------------------------------------------------

WALLACE BORSKI,
                                        *Plaintiff-Appellant*,

                    v.                                                      No. 09-4916-cv

STATEN ISLAND RAPID TRANSIT,
                                        *Defendant-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:          Thomas F. Bello, Staten Island, New York.

FOR APPELLEE:           Richard Schoolman, Kavita Bhatt, Office of the General
                                    Counsel, New York City Transit Authority, Brooklyn, New
                                    York.

Appeal from the United States District Court for the Eastern District of New York

(Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Wallace Borski appeals from the district court's order granting summary judgment to defendant-appellee Staten Island Rapid Transit ("SIRT") on Borski's federal and state law retaliation claims and denying Borski's cross-motion to amend his complaint. We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision.

**DISCUSSION**

**I. Retaliation**

We review an award of summary judgment de novo, affirming "only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005).

Borski claims that his supervisor retaliated against him for complaining about sexually-charged cartoons posted in the workplace. We analyze both federal and state law retaliation claims under the familiar burden-shifting approach of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), which places the initial burden on the plaintiff to demonstrate a prima facie case of retaliation, see Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552-53 (2d Cir. 2010); Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1177-78 (2d Cir. 1996). To carry that burden, the plaintiff "must show that: (1) [he] engaged in a protected activity; (2) [his] employer was aware of this activity; (3) the employer took adverse employment action against [him]; and (4) a causal connection exists between the alleged adverse action and the protected activity." Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 608 (2d Cir. 2006). For purposes of this appeal, SIRT does not dispute that it was aware of Borski's complaints or that those complaints constituted protected activity. However, SIRT does

2

claim that Borski failed to establish either an adverse employment action or the necessary causation between any such action and his protected activity. We conclude that no reasonable jury could find that Borski suffered an adverse employment action, and therefore need not reach the question of causation.

In order to satisfy the adverse employment action element of his prima facie case, Borski claims that his voluntary retirement from SIRT actually constituted a constructive discharge because the conditions created by the offensive cartoons forced him to retire. A constructive discharge occurs when an employer "intentionally creates a work atmosphere so intolerable that [the plaintiff] is forced to quit involuntarily." Terry v. Ashcroft, 336 F.3d 128, 151-52 (2d Cir. 2003); see also Pa. State Police v. Suders, 542 U.S. 129, 141 (2004). Whether working conditions are sufficiently intolerable to constitute a constructive discharge "is assessed objectively by reference to a reasonable person in the employee's position." Petrosino v. Bell Atl., 385 F.3d 210, 230 (2d Cir. 2004).

In this case, no reasonable person in Borski's position would have felt compelled to quit his job in order to avoid being targeted by his colleagues' offensive postings because those postings had stopped years before Borski decided to retire. Sometime in the late 1990s, after Borski had endured nearly twenty years of offensive cartoons posted throughout the workplace, he complained to his supervisor. Soon after that complaint, the postings ceased, and there is no evidence that Borski encountered similarly offensive conduct between January 1, 2000 and May 6, 2003, when he gave notice of his intent to retire. Given the three-year gap between the final posting and Borski's retirement, he cannot, and does not attempt to, argue that SIRT "ratcheted the harassment up to the breaking point" directly prior

3

to his decision to retire. Id. (internal quotation marks omitted). There is thus no evidence that Borski's complaint was met with retaliatory harassment. Furthermore, no reasonable jury could conclude that a reasonable person would feel compelled to quit his job over conduct that had ceased years earlier. Borski makes no attempt to explain why he was able to withstand years of offensive behavior but suddenly felt compelled to retire three years after such behavior ceased. Without such an explanation, or any evidence of intolerable working conditions at the time that he decided to retire, no reasonable jury could conclude that Borski was constructively discharged from his position. Therefore, the district court properly granted summary judgment for SIRT on Borski's retaliation claim.

**II. Leave to Amend the Complaint**

At summary judgment, Borski moved to amend his complaint in order to reinstate a previously-dismissed hostile work environment claim. The district court denied Borski's motion after concluding that his proposed amended complaint lacked merit.

"One good reason to deny leave to amend is when such leave would be futile." Acito v. IMCERA Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995). For example, "when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law," leave to amend should be denied. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). In this case, it would have been futile for the district court to permit Borski to raise his hostile work environment claim because workplace bullying, such as the behavior exhibited by Borski's colleagues in this case, does not constitute discrimination merely because it contains "sexual

4

content or connotations." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998). Instead, a plaintiff must demonstrate that the offending conduct occurred *because of* his membership in a protected class. Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002). While Borski was often the target of ridicule, the record reveals no evidence whatsoever that he was targeted because of his sex. Without such evidence, his discrimination claim would necessarily have failed. See Brown v. Henderson, 257 F.3d 246, 255-56 (2d Cir. 2001). We therefore conclude that the district court properly denied Borski's cross-motion to amend his complaint.

## CONCLUSION

We have considered all of Borski's arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court